MEMORANDUM *
Yanyun Ren petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge’s (IJ) denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). We deny the petition.
The IJ provided “specific and cogent reasons” for the adverse credibility finding. Kaur v. Gonzales, 418 F.3d 1061, 1064 (9th Cir.2005). Principally, the foren *703 sic document expert produced a report concluding that the receipt for a fine, introduced by Ren, was almost surely fraudulent, and, while impossible to authenticate, the summons offered by Ren may well not have been genuine either. While testifying, the expert explained in detail how she arrived at her conclusions, elaborating that there was an estimated 1 in 100,000 chance the receipt was not fraudulent and a 1 in 200 chance the summons was genuine. Ren produced no contrary evidence undermining those conclusions. The IJ was therefore justified in relying on them.
Because these fraudulent documents called into doubt the truthfulness of Ren’s account of her arrest, they went to the heart of her claim, see Kin v. Holder, 595 F.3d 1050, 1058 (9th Cir.2010), and could support the IJ’s adverse credibility finding. See Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 911 (9th Cir.2004). Ren testified that she personally received the summons on the day of her release and saw the receipt for the fine in her father’s hand when he came to get her from police custody. Ren’s argument that she did not know the documents were fraudulent would have required the IJ to accept the unlikely inference that she and her father received genuine documents, but her father mailed her different, fraudulent copies without notifying her they were not the originals. Therefore, unlike in Yeimane-Berhe, where someone obtained the fake document outside the petitioner’s presence and after she was in the United States, and “no evidence indicated] that [the petitioner] knew the document was fraudulent,” id. at 911, the evidence here supports the conclusion that Ren probably had to be aware the documents were not genuine. See Khadka v. Holder, 618 F.3d 996, 1001 (9th Cir.2010) (holding that expert testimony combined with a petitioner’s failure to offer a plausible explanation for how he obtained a fraudulent newspaper article was sufficient to support an adverse credibility determination, even where the IJ did not make a specific finding that the petitioner knew the article was not genuine).
Moreover, unlike in Yeimane-Berhe, where authentic documentary evidence corroborated the petitioner’s account, and “nothing else in the record” undermined the petitioner’s credibility, 393 F.3d at 911, the IJ here had other bases to question Ren’s testimony. For instance, Ren’s application originally stated she was detained in Linan, and she did not amend that statement during her asylum office interview, although she did make several other changes to her application. Only after receiving the summons in the mail from her father did she change the statement to say she was detained in Kuaian, reconciling her application with the summons. Ren’s suggestion that her first submission might have been a translation error does not explain that timing issue; any translation error presumably could have been caught earlier.
Likewise, Ren failed to advance evidence corroborating her claims that she attended church or practiced Christianity in the United States or China. See Unuakhaulu v. Gonzales, 416 F.3d 931, 938 (9th Cir.2005) (acknowledging that, “where the IJ has reason to question the applicant’s credibility,” a petitioner’s failure “to produce non-duplicative, material, easily available corroborating evidence” can support an adverse credibility determination (quotations omitted)). Although her work schedule prevented her from attending church on a weekly basis, she testified that she worshiped there every three or four weeks. Over the course of the three years she had been in the United States, that attendance rate is not so infrequent as to prohibit her from obtaining some corroborating documentation.
*704 In the absence of credible testimony or reliable documentary evidence, Ren’s claims for asylum and withholding fail. Because her CAT claim is also based on her testimony, it fails as well. See Almaghzar v. Gonzales, 457 F.3d 915, 922-23 (9th Cir.2006).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.